IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DIEDRE MARLOWE                                    PLAINTIFF

          v.          Civil No. 08-5161

FEDERAL DEPOSIT INSURANCE CORPORATION             DEFENDANT

<u>MEMORANDUM OPINION</u>

Now on this 30th day of March, 2009, come on for consideration defendant's **Motion For Summary Judgment** (document #4) and **Motion For Leave To File Reply In Support Of Motion For Summary Judgment** (document #8), and from said motions, the supporting documentation, and the responses thereto, the Court finds and orders as follows:

1. Plaintiff Diedre Marlowe ("Marlowe"), who has an ownership interest in Marlowe Family Investments, LLC ("MFI"), challenges the decision of the Federal Deposition Insurance Corporation ("FDIC"), as Receiver for ANB Financial, N.A. ("ANB"), that only $100,000.00 of the funds in an MFI account at ANB are federally insured. Marlowe claims that FDIC should view MFI as a non-qualifying entity under **12 C.F.R. § 330.11(d)**, or should determine that the account held monies in a fiduciary capacity under **12 C.F.R. § 330.5(b)**, so as to make the amount fully insured.

FDIC denies the allegations of the Complaint, and now moves for summary judgment. The matter is fully briefed and ripe for decision.

2.   Summary judgment should be granted when the record, viewed in the light most favorable to the nonmoving party, and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  **Walsh v. United States**, **31 F.3d 696 (8th Cir. 1994)**.  Summary judgment is not appropriate unless all the evidence points toward one conclusion, and is susceptible of no reasonable inferences sustaining the position of the nonmoving party.  **Hardin v. Hussmann Corp.**, **45 F.3d 262 (8th Cir. 1995)**.  The burden is on the moving party to demonstrate the non-existence of a genuine factual dispute;  however, once the moving party has met that burden, the nonmoving party cannot rest on its pleadings, but must come forward with facts showing the existence of a genuine dispute.  **City of Mt. Pleasant, Iowa v. Associated Electric Co-op**, 838 F.2d 268 (8th Cir. 1988).

3.   Pursuant to **Local Rule 56.1**, FDIC filed a statement of facts which it contends are not in dispute, and from plaintiff's response thereto, the following significant undisputed facts are made to appear:

\*    MFI is a limited liability company incorporated in Idaho on December 7, 2007.

\*    On December 21, 2007, MFI opened an account at ANB, a depository institution insured by the FDIC.

\*    The Account Agreement between MFI and ANB contains an

-2-

"x" in the box labeled "Limited Liability Company" in the portion of the Account Agreement specifying the type of account.

    *    On May 9, 2008, the Comptroller of the Currency closed ANB and appointed the FDIC as Receiver.

    *    At the time of the closing, the MFI account contained $203,696.74.

    *    The FDIC determined that the MFI account was a corporate account entitled to insurance of $100,000,00 under **12 C.F.R. § 330.11(a)**, and provided MFI a receivership certificate in the amount of $103,696.74, the total amount deemed uninsured.

    *    Following this determination, MFI attempted to convince the FDIC that MFI should be treated as a fiduciary or a non-qualifying entity having no business purpose and not subject to the regulation governing insurance of corporate accounts.

    *    The FDIC rejected MFI's claims, and informed MFI by telephone on August 8, 2008, that it would not change its determination that the account at issue was a corporate or business account.

    4.    The parties agree that the standard by which the Court is to review the determination of the FDIC in this case is established by **5 U.S.C. § 706(2)(A)**, pursuant to which the Court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be -- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

-3-

This is a highly deferential standard of review:

> Administrative action may be regarded as arbitrary and capricious only where it is not supportable on any rational basis. Something more than mere error is necessary to meet the test. To have administrative action set aside as arbitrary and capricious, the party challenging the action must prove that it was "willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case . . ."

**Bradley v. Bureau of Alcohol, Tobacco and Firearms**, 736 F.2d 1238, 1240 (8th Cir. 1984) (internal citations omitted).

5.    The FDIC first argues that summary judgment is appropriate because it properly determined that MFI was a corporate depositor, based on MFI's deposit account records.[1] The Court rejects this argument out of hand, inasmuch as the deposit account records clearly indicate that MFI is a limited liability company, an entirely different type of legal entity from a corporation.  Under Idaho law, a limited liability company is defined as an "unincorporated entity." **I.C. § 30-1-140(45).**

Given that MFI is not a corporation, but rather an unincorporated entity, the insured status of its ANB account is properly analyzed under **12 C.F.R. § 330.11(c)**, which deals with

---

[1]      "Deposit account records" is a defined term under the regulations governing FDIC transactions.
      *Deposit account records* means account ledgers, signature cards, certificates of deposit, passbooks, corporate resolutions authorizing accounts in the possession of the insured depository institution and other books and records of the insured depository institution, including records maintained by computer, which relate to the insured depository institution's deposit taking function, but does not mean account statements, deposit slips, items deposited or canceled checks.
12 C.F.R. § 330.1(e) (emphasis in original).

the accounts of an unincorporated association, rather than that of § 330.11(a), which deals with corporate accounts.  As will be seen, however, analysis under this subsection does not materially alter the outcome of this case.

6.  Both § 330.11(a) and § 330.11(c) deal with entities engaged in "any 'independent activity'."  "Independent activity" is defined in § 330.1(g), which provides that a "corporation . . . or unincorporated association shall be deemed to be engaged in an 'independent activity' if the entity is operated primarily for some purpose other than to increase deposit insurance."

Marlowe contends that MFI is not engaged in an "independent activity," and is, therefore, entitled to have its account treated pursuant to § 330.11(d), which provides that

> [t]he deposit accounts of an entity which is not engaged in an 'independent activity' (as defined in § 330.1(g)) shall be deemed to be owned by the person or persons . . . comprising the . . . unincorporated association, and, for deposit insurance purposes, the interest of each person in such a deposit account shall be added to any other deposit accounts individually owned by that person and insured up to the SMDIA in the aggregate.

FDIC disagrees, pointing to evidence that MFI is a family estate planning device.  One of its managers, Kent Marlowe, submitted a sworn declaration to the effect that "[w]e are using MFI to transfer money to each of our seven children and hold those funds on behalf of the children."  Under MFI's Business Plan, this approach "allows Kent and Ann to utilize the annual gift tax

-5-

exclusion each year as they build the fund."

There is no evidence that would contradict the foregoing, or that would in any way support a finding that MFI's sole purpose is to increase deposit insurance.  That being the case, there is no genuine issue of material fact as to whether the provisions of **§ 330.11(d)** apply -- they do not.

7.   Marlowe's next contention is that the MFI account held funds in a fiduciary capacity under **12 C.F.R. § 330.5(b)**, which would allow insurance to be calculated on the basis of the beneficial ownership of the funds.

**12 C.F.R. § 330.5(a)(1)** provides that

> in determining the amount of insurance available to each depositor, the FDIC shall presume that deposited funds are actually owned in the manner indicated on the deposit account records of the insured depository institution.  If the FDIC, in its sole discretion, determines that the deposit account records of the insured depository institution are clear and unambiguous, those records shall be considered binding on the depositor, and the FDIC shall consider no other records on the manner in which the funds are owned. . . .

Under **12 C.F.R. § 330.5(b)**, the FDIC

> will recognize a claim for insurance coverage based on a fiduciary relationship only if the relationship is expressly disclosed by way of specific references, in the "deposit account records" (as defined in § 330.1(e)) of the insured depository institution. . . . The express indication that the account is held in a fiduciary capacity will not be necessary, however, in instances where the FDIC determines, in its sole discretion, that the titling of the deposit account and the underlying deposit account records sufficiently indicate the existence of a fiduciary relationship.

This reliance on deposit account records has a useful purpose. "To permit a failed bank's insured deposits to be inflated by extraneous evidence of additional obligations would violate fundamental insurance principles and jeopardize the financial integrity of the deposit insurance system." **In re Collins Securities Corp.**, **998 F.2d 551, 554 (8th Cir. 1993).**

The deposit account records before the Court show nothing more than that the account in question was owned by MFI, a limited liability company. This information, albeit not very revealing, is not ambiguous. There is no express disclosure of a fiduciary relationship, nor any evidence of underlying deposit account records which "sufficiently indicate the existence of a fiduciary relationship." Under these circumstances, there is no genuine issue of material fact on the issue. FDIC's decision that there was no evidence of fiduciary capacity was clearly not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

8. Marlowe points to a provision in **§ 330.5(a)(1)** to the effect that

> [d]espite the general requirements of this paragraph (a)(1), if the FDIC has reason to believe that the insured depository institution's deposit account records misrepresent the actual ownership of deposited funds and such misrepresentation would increase deposit insurance coverage, the FDIC may consider all available evidence and pay claims for insured deposits on the basis of the actual rather than the misrepresented ownership.

The record contains letters from counsel for MFI which

brought to FDIC's attention the nature and structure of MFI, and Marlowe argues that "[f]or the FDIC to claim that it should be able to ignore this information, simply because it is entitled to do so, is arbitrary and capricious as this ignores the reality that the money in the account is owned by several individuals."

What this argument boils down to is a contention that a permissive provision in the regulations is actually a mandatory provision, an argument invalid on its face.

9.   Finally, Marlowe argues that MFI should have the benefit of an increase in the amount of deposit insurance that was enacted after the date ANB was placed into receivership.  There is no evidence that the FDIC has addressed such a contention, one way or the other, but a refusal to do so could not be described as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and would not alter the outcome of this case.

For the foregoing reasons, the Court concludes that the FDIC is entitled to summary judgment on Marlowe's claims, and its Motion For Summary Judgment will be granted.

10.   Defendant's Motion For Leave To File Reply In Support Of Motion For Summary Judgment will be granted.  The Court has read and considered the attached Reply, and no additional copy of this document need be filed.

**IT IS THEREFORE ORDERED** that defendant's **Motion For Summary Judgment** (document #4) is **granted**, and plaintiff's claims will be

dismissed by Judgment entered contemporaneously herewith.

**IT IS FURTHER ORDERED** that defendant's **Motion For Leave To File Reply In Support Of Motion For Summary Judgment** (document #8) is **granted.**

IT IS SO ORDERED.

        **/s/ Jimm Larry Hendren**
        **JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT JUDGE**